UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SERGIO ALEJANDRO GAMEZ,              ) 1:13-cv—00565-SKO-HC
                                     )
            Petitioner,              ) ORDER DISMISSING THE PETITION FOR
                                     ) WRIT OF HABEAS CORPUS FOR FAILURE
                                     ) TO STATE A COGNIZABLE CLAIM (DOC
      v.                             ) 1)
                                     )
K. HOLLAND, Warden,                  ) ORDER DECLINING TO ISSUE A
                                     ) CERTIFICATE OF APPEALABILITY
            Respondent.              )
                                     ) ORDER DIRECTING THE CLERK TO MAIL
_____) A CIVIL RIGHTS FORM TO PETITIONER
                                       AND TO CLOSE THE CASE

        Petitioner is a state prisoner who is proceeding pro se and

in forma pauperis with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

Petitioner has consented to the jurisdiction of the United States

Magistrate Judge to conduct all further proceedings in the case,

including the entry of final judgment, by manifesting consent in

a signed writing filed by Petitioner on April 29, 2013 (doc. 5).

Pending before the Court is the petition, which was filed on

April 19, 2013.

        I.   Screening the Petition

        Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Habeas Rule 4, Adv. Comm. Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Conditions of Confinement

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh

2

1  v. Murphy, 521 U.S. 320, 327 (1997); Furman v. Wood, 190 F.3d
2  1002, 1004 (9th Cir. 1999).

3      A district court may entertain a petition for a writ of
4  habeas corpus by a person in custody pursuant to the judgment of
5  a state court only on the ground that the custody is in violation
6  of the Constitution, laws, or treaties of the United States.  28
7  U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,
8  375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13,
9  16 (2010) (per curiam).

10      A habeas corpus petition is the correct method for a prisoner
11  to challenge the legality or duration of his confinement.  Badea
12  v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.
13  Rodriquez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to
14  Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action
15  pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner
16  to challenge the conditions of that confinement.  McCarthy v.
17  Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499;
18  Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule
19  1, 1976 Adoption.

20      Petitioner, an inmate of the California Correctional
21  Institution at Techachepi, California (CCI), alleges that he
22  suffered violations of his constitutional rights in connection
23  with gang validation procedures in prison that were commenced on
24  or about October 8, 2012.  The gang validation proceedings
25  resulted in a finding that Petitioner was validated as an
26  associate of the Mexican Mafia (EME) prison gang.  (Pet. 28.)
27  Petitioner alleges that he remains in a security housing unit
28  (SHU) based on gang association.  (Id. at 5-7).  Petitioner

alleges that his presence in the SHU is a result of retaliation and a violation of due process of law, and that he suffered a violation of his First Amendment rights.  (Pet. 5-7.)

Thus, in this case, Petitioner addresses his placement in the SHU resulting from a 2012 gang validation proceeding that he alleges was retaliatory and violated his rights to due process and his rights under the First Amendment.  Petitioner's allegations concern only the conditions of his confinement. Petitioner does not allege facts that point to a real possibility of constitutional error that affected the legality or duration of his confinement.  Thus, Petitioner is not entitled to habeas corpus relief.  Accordingly, his petition will be dismissed.

III.   Construction of the Petition as a Civil Rights
       Complaint

Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  See, Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  However, the Court declines to construe the petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings and civil rights actions.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds.  28 U.S.C. §§ 1914, 1915(b).  The dismissal of this action at the pleading stage would not terminate Petitioner's

4

1   duty to pay the $350 filing fee.  Here, the petition was not

2   accompanied by the $350 filing fee or an authorization by

3   Petitioner to have the $350 filing fee deducted from his trust

4   account pursuant to 28 U.S.C. § 1915(b).

5       Further, 42 U.S.C. § 1997e(a) provides, "No action shall be

6   brought with respect to prison conditions under section 1983 of

7   this title, or any other Federal law, by a prisoner confined in

8   any jail, prison, or other correctional facility until such

9   administrative remedies as are available are exhausted."  It is

10  established that § 1997e(a) requires exhaustion "irrespective of

11  the forms of relief sought and offered through administrative

12  avenues."  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  Here,

13  it is unclear whether Petitioner has exhausted administrative

14  remedies.

15      Another omission from the petition that affects the Court's

16  decision not to consider it as a civil rights complaint is the

17  Petitioner's failure to identify the capacity in which the named

18  respondent would be sued for purposes of a civil rights claim,

19  which is critical to the issue of sovereign immunity.  In

20  addition, if the petition were converted to a civil rights

21  complaint, the Court would be obligated to screen it pursuant to

22  the screening provisions of the Prisoner Litigation Reform Act of

23  1995.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not

24  clear that all of Petitioner's disparate allegations state civil

25  rights claims.  If the pleading ultimately were dismissed for

26  failure to state a claim upon which relief may be granted, such a

27  dismissal could count as a "strike" against Petitioner for

28  purposes of 28 U.S.C. § 1915(g) and any future civil rights

1  action he might bring.

2      Based on the foregoing analysis, the court concludes that

3  the petition should be dismissed without prejudice so Petitioner

4  can determine whether or not he wishes to raise his present

5  claims through a properly submitted civil rights complaint.

6  Should Petitioner wish to pursue his claims, he must do so by way

7  of a civil rights complaint pursuant to 42 U.S.C. § 1983.   Thus,

8  the Clerk will be directed to send an appropriate form complaint

9  to Petitioner.

10     III.  <u>Certificate of Appealability</u>

11     Unless a circuit justice or judge issues a certificate of

12  appealability, an appeal may not be taken to the court of appeals

13  from the final order in a habeas proceeding in which the

14  detention complained of arises out of process issued by a state

15  court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

16  U.S. 322, 336 (2003).  A certificate of appealability may issue

17  only if the applicant makes a substantial showing of the denial

18  of a constitutional right.  § 2253(c)(2).  Under this standard, a

19  petitioner must show that reasonable jurists could debate whether

20  the petition should have been resolved in a different manner or

21  that the issues presented were adequate to deserve encouragement

22  to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

23  (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

24     A certificate should issue if the Petitioner shows that

25  jurists of reason would find it debatable whether the petition

26  states a valid claim of the denial of a constitutional right or

27  that jurists of reason would find it debatable whether the

28  district court was correct in any procedural ruling.  <u>Slack v.</u>

1  McDaniel, 529 U.S. 473, 483-84 (2000).  In determining this

2  issue, a court conducts an overview of the claims in the habeas

3  petition, generally assesses their merits, and determines whether

4  the resolution was debatable among jurists of reason or wrong.

5  Id.  The applicant must show more than an absence of frivolity

6  or the existence of mere good faith; however, the applicant need

7  not show that the appeal will succeed.   Miller-El v. Cockrell,

8  537 U.S. at 338.

9      A district court must issue or deny a certificate of

10  appealability when it enters a final order adverse to the

11  applicant.  Habeas Rule 11(a).

12      Here, because Petitioner's claims relate only to conditions

13  of confinement, jurists of reason would not find it debatable

14  whether the Court was correct in its ruling.  Accordingly,

15  Petitioner has not made a substantial showing of the denial of a

16  constitutional right, and the Court will decline to issue a

17  certificate of appealability.

18      IV.  Disposition

19      Accordingly, it is ORDERED that:

20      1) The petition for writ of habeas corpus is DISMISSED

21  without prejudice to Petitioner's right to file a civil rights

22  action pursuant to 28 U.S.C. § 1983; and

23      2) The Clerk of Court is DIRECTED to close the case because

24  this order terminates the action in its entirety; and

25      3) The Court DECLINES to issue a certificate of

26  appealability; and

27      4) The Clerk is DIRECTED to mail to Petitioner a form for

28  filing a civil rights complaint pursuant to 42 U.S.C. § 1983 by a

1    person in custody.

2

3    IT IS SO ORDERED.

4    **Dated:**    **June 4, 2013**                    _____/s/ Sheila K. Oberto_____
                                                        UNITED STATES MAGISTRATE JUDGE